UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRITTANY ANN STILWELL,<br><br>Plaintiff(s),<br><br>v.<br><br>SLH VISTA, INC., d/b/a SAINT LOUIS UNIVERSITY HOSPITAL AND TENET HEALTHCARE CORPORATION,<br><br>Defendant(s). | Case No. 2:15-CV-1173 JCM (CWH)<br><br>ORDER |

Presently before the court is pro se plaintiff Brittany Ann Stilwell's request for entry of default judgment. (Doc. # 14). Ms. Stillwell filed the motion with respect to this court's clerk's entry of default, which was entered prematurely after Ms. Stillwell improperly persuaded an employee of the court's clerk's office to make the entry. (Doc. # 17). Defendants have asserted that they are not in default in their motion to set aside clerk's entry of default. (Doc. # 21).

Ms. Stillwell filed a complaint on July 17, 2015 (doc. # 5) and *alleges* that service of the complaint and summons occurred on July 20, 2015, when she placed copies of each into the mail, addressed to defendants' attorneys of record.[1] The motion to dismiss was not filed until 22 days after that date, on August 11, 2015.

Federal Rule of Civil Procedure ("FRCP") 12(a)(1)(A)(i) requires that a defendant must serve an answer or motion on a plaintiff within 21 days of being served with the summons or complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Because the motion was filed 22 days after the date Ms.

---

[1] Service by mail does not satisfy FRCP 4(c). However, defendants filed a timely motion to dismiss, and thereby waived any objection to service.

**James C. Mahan**
**U.S. District Judge**

Stillwell mailed the summons, she believes defendants have violated FRCP 12. She also alleges that the motion lacks points and authorities, and is, therefore, insufficient under LR 7-2(a).

The court first finds that defendants did file a sufficient memorandum of points and authorities with their motion to dismiss, in compliance with LR 7-2(a). Therefore, plaintiff's motion to dismiss, if timely, satisfies FRCP 12.

Plaintiff's assertion of a service date of July 20, 2015 relies on FRCP 5, which sets the requirements for service of pleadings and other papers filed *after* the complaint and summons that initiate the case have been served in accordance with FRCP 4.[2] Rule 4 applies to service of the complaint and summons in initiation of the suit and requires actual delivery by a non-party. *See* FED. R. CIV. P. 4 & 5.

Rule 4 applies here. The defendants are not, and were not ever, in default because the summons and complaint were not served on them in compliance with Rule 4. Despite the fact that this court *had not,* and, consistent with the discussion *supra*, *would not have* resolved plaintiff's motion for entry of clerk's default in her favor, Ms. Stillwell persuaded the clerk's office to enter default prematurely.

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id.

---

[2] Furthermore, although plaintiff relies on Rule 5, she ignores Rule 6(d), which modifies Rule 5 by providing that recipients of pleadings and other Rule 5 papers by mail are entitled to an additional 3 days to act. In this case, if Rule 5 did apply, defendants would have had 24 days to act on proper Rule 5 service by mail—they acted in 22. *See* Fed. R. Civ. P. 6(d).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    In the present case, the defendants' motion to dismiss was filed timely, and defendants have alleged a meritorious defense. Accordingly, the court will set aside the clerk's entry of default.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for entry of default judgment (doc. # 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this court's clerk's ENTRY OF DEFAULT as to Brittany Ann Stillwell (doc. # 17) be, and the same hereby is, VACATED.

DATED August 27, 2015.

_____
UNITED STATES DISTRICT JUDGE