**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRITTANY ANN STILWELL,<br><br>Plaintiff(s),<br><br>v.<br><br>SLH VISTA, INC., d/b/a SAINT LOUIS UNIVERSITY HOSPITAL AND TENET HEALTHCARE CORPORATION,<br><br>Defendant(s). | Case No. 2:15-CV-1173 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants SLH Vista, Inc. d/b/a Saint Louis University Hospital and Tenet Healthcare Corporation's ("defendants") motion to dismiss plaintiff's complaint or, in the alternative, to transfer venue. (Doc. # 8). Plaintiff Brittany Ann Stillwell filed a response in opposition. (Doc. # 11). Defendant did not file a reply and the deadline to reply has now passed.

**I.     Background**

The present case stems from alleged employment discrimination. Plaintiff was employed as a registered nurse at defendant Saint Louis University Hospital from August 2009 until April 8, 2013. (Doc. # 5 at 2).

Plaintiff filed a complaint with this court on June 19, 2015 in which she alleges fifty-five causes of action against defendants. (Doc. # 5).

Defendants filed the present motion to dismiss for improper venue on August 11, 2015. (Doc. # 8). Defendants state that plaintiff's allegations of racial discrimination under Title VII are

subject to a special venue statute: 42 U.S.C. § 2000e-5(f)(3). (Doc. # 8 at 2). Defendants further state that venue is improper in Nevada under the general venue statute, 28 U.S.C. § 1391(b). (*Id.* at 2-3). Defendants alternatively request that this court transfer this case to the U.S. District Court for the Eastern District of Missouri, where venue would have been proper. (*Id.* at 4).

Plaintiff's reply in opposition asserts that defendants' motion was filed untimely, defendants consented to denial of its motion, defendants' motion was legally insufficient, defendants improperly filed the motion *ex parte*, and that venue in Nevada is proper. (Doc. # 11 at 1). In plaintiff's opposition, she agrees with defendants that venue is improper under Title VII's special venue statute, and further states that she has not filed any causes of action arising out of Title VII. (*Id.* at 4-5).

This court has previously addressed plaintiff's allegation that defendants' motion was filed untimely and was legally insufficient in its order vacating the court clerk's entry of default judgment. (Doc. # 22).

II.     **Legal Standard**

Under the Federal Rules of Civil Procedure ("FRCP"), a defendant may rely on improper venue as a valid defense to a plaintiff's claim. FED. R. CIV. P. 12(b)(3). Once a defendant moves to dismiss, it is the plaintiff's burden to establish that venue is properly in this district. *Nat'l Fitness Co. v. Procore Labs., LLC*, 2:10-cv-2168-JCM (RJJ), 2011 WL 2463296, *1 (D. Nev. June 20, 2011) (*citing Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). Venue in a civil action is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Furthermore, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Similarly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

### III. Discussion

Defendants move to dismiss plaintiff's complaint pursuant to FRCP 12(b)(3) because the District of Nevada is an improper venue under both Title VII's venue statue and under 28 U.S.C. § 1391(b)'s general venue statute. (Doc. # 8).

Plaintiff opposes defendants' motion, and asserts that venue is proper in the District of Nevada. (Doc. # 11).

#### A. Title VII's venue statute

Defendants first state that Nevada is an improper venue for plaintiff's Title VII claims because Title VII has its own venue statute: 42 U.S.C. § 2000e-5(f)(3). (Doc. # 8 at 2). Title VII's special venue statue provides that a civil action may be brought in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff responds that she agrees that venue is improper under Title VII's venue statute, (doc. #11 at 4), but that she "did not state a claim or cause of action arising out of Title VII...." (*Id.*).

As the parties both agree that venue is improper in Nevada under Title VII, and plaintiff asserts that none of her claims arise under Title VII, this court will not address the Title VII venue statute further.

### B. General venue

Defendants next assert that venue is improper in Nevada for plaintiff's other claims under the general venue statute, 28 U.S.C. § 1391(b), (doc. # 8 at 2), because plaintiff fails to allege that both defendants reside in Nevada—defendant Saint Louis University Hospital is not a Nevada resident; the events giving rise to plaintiff's claims did not occur in Nevada; and there are other districts where plaintiff could have brought her claims instead. (*Id.* at 3).

Plaintiff responds that the "[d]efendants are subject to the court's personal jurisdiction" and that venue is proper because all defendants reside in Nevada. (Doc. # 11 at 9).

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### 1. Residency of the defendants

First, subsection (b)(1) of the general venue statute provides that venue may be asserted by "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). This means that venue is only proper in a district where *all the defendants* reside. *Anrig v. Ringsby United*, 603 F.2d 1319, 1323 (9th Cir. 1978) (emphasis added).

Plaintiff's complaint states that defendant Saint Louis Hospital is a Missouri corporation and is domiciled with its principal place of business in Texas. (Doc. # 5 at 2). Plaintiff also states that defendant Tenet Healthcare Corporation is a Nevada corporation and is domiciled with its principal place of business in Texas. (*Id.*).

In defendants' motion to dismiss, defendants assert that plaintiff "fails to allege that both [d]efendants reside in Nevada, and [Saint Louis Hospital] is not a Nevada resident. (Doc. # 8 at 3).

This court agrees with defendants. Plaintiff has not asserted any facts which would support proper venue under 28 U.S.C. § 1391(b)(1) because she has only asserted that one of the two defendants is a Nevada resident. Therefore, plaintiff may not rely on 28 U.S.C. § 1391(b)(1) as a basis for finding venue in the District of Nevada.

### 2. Location of the events giving rise to plaintiff's claims

Next, subsection (b)(2) allows venue in "a judicial district in which a substantial part of the events…giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

None of the events giving rise to plaintiff's claims occurred in the state of Nevada. In fact, plaintiff's complaint asserts fifty-five causes of action, all of which stem from her employment at Saint Louis University Hospital in St. Louis, Missouri. (Doc. # 5 at 3). There are no allegations that any of the events giving rise to plaintiff's claims occurred in the state of Nevada. Consequently, plaintiff cannot rely on 28 U.S.C. § 1391(b)(2) as the basis for finding venue in the District of Nevada.

### 3. There is a different district in which plaintiff's action may be brought under Section 1391(b).

Finally, subsection (b)(3) requires that the court first address whether there are alternative districts in which the action could otherwise be brought. 28 U.S.C. § 1391(b)(3). Defendants state

that plaintiff could have brought her claim "in Missouri, where the alleged unlawful conduct occurred." (Doc. # 8 at 3). Plaintiff asserts that "[d]efendants are subject to the court's personal jurisdiction with respect to this present civil action," because one defendant resides in the district of Nevada. (Doc. # 11 at 9).

This court agrees with the defendants. Plaintiff could have brought this claim in a district court in the state of Missouri. Therefore, plaintiff's claim that Nevada may exercise personal jurisdiction over the defendants in this action is irrelevant. Accordingly, plaintiff may not rely on 28 U.S.C. § 1391(b)(3) as the basis for finding proper venue in the District of Nevada.

For the foregoing reasons, the District of Nevada is an improper venue for plaintiff's claims under 28 U.S.C. § 1391(b). The court must next address whether to transfer plaintiff's case to another district where venue would have been proper.

**C. Transfer to a different district**

Defendants alternatively request that this court transfer this case to the U.S. District Court for the Eastern District of Missouri, where venue would have been proper. (Doc. # 8 at 4). Because plaintiff could have brought her claims in the Eastern District of Missouri, the court must now decide whether transferring the case to the Eastern District of Missouri would be convenient for the parties and witnesses and "be in the interest of justice." *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a).

When considering whether to transfer venue, the court must make "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000). When adjudicating motions for transfer of venue, the plaintiff's choice of forum is entitled to considerable weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The factors a court considers when determining a motion for transfer of venue include:

(1) the location where the relevant agreements were negotiated and executed;

(2) the state that is most familiar with the governing law;

(3) the plaintiff's choice of forum;

(4) the respective parties' contacts with the forum;

(5) the contacts relating to the plaintiff's cause of action in the chosen forum;

(6) the differences in the costs of litigation in the two forums;

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and

(8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. After considering each of these factors and weighing them, the court finds that transfer to the U.S. District Court for the Eastern District of Missouri, Eastern Division is appropriate.

Though plaintiff's choice of forum is the District of Nevada, the court must exercise broad discretion and consider more than just the plaintiff's choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

Plaintiff's complaint alleges that she "was under contractual obligations to work for [defendants], in exchange for monies she received to attend nursing and law school at Saint Louis University." (Doc. # 5 at 7). This suggests that the contract was "negotiated and executed" in the state of Missouri, not Nevada. Additionally, "the alleged unlawful conduct took place in the State of Missouri" and plaintiff's employment and disciplinary records are maintained in Missouri. (Doc. # 8 at 2). Therefore, the "sources of proof" and "contacts relating to the plaintiff's cause[s] of action" are more easily accessible in the state of Missouri.

Finally, discovery in this case will likely require testimony from numerous individuals who were witness to the alleged unlawful conduct, all of whom are likely to be present in Missouri,

making Nevada an inconvenient forum for a large number of witnesses. *See Ex parte Collett*, 337 U.S. 55, 57-58, 69 S. Ct. 944, 945-46, 93 L. Ed. 1207 (1949) (noting that the purpose of 28 U.S.C. § 1404(a) was to adopt the principles of forum non conveniens for the federal court system).

Based on the foregoing, this court finds that "the convenience of the parties and witnesses" and "the interests of justice" would be best served by transferring the case to the U.S. District Court for the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a).

### D. Improper Service

Plaintiff states that defendants' procedure for serving her with a copy of the motion to dismiss via U.S. mail was improper because it did not provide her with proper notice and a reasonable time to respond. (Doc. # 11 at 5-6).

Defendants served plaintiff with a copy of the motion to dismiss via U.S. mail in accordance with FED. R. CIV. P. 5(b)(2)(C). According to FED. R. CIV. P. 6(d), plaintiff was entitled to an additional three days to respond to defendants' motion, on top of the fourteen days she already had to respond. Despite this additional time allowance, plaintiff filed her opposition to defendants' motion to dismiss a mere eight days after defendants filed the motion to dismiss with this court. Therefore, no prejudice was suffered by plaintiff.

### E. *Ex parte* motions

Plaintiff also asserts that defendants' motion was an improper *ex parte* communication because it was not served on her prior to filing it with the court. (Doc. # 11 at 6). Local Rule 7-5(a) defines an *ex parte* motion as "a motion…that is filed with the Court, but is not served upon the opposing or other parties." Here, defendants did serve plaintiff with a copy of the motion filed with this court. In fact, plaintiff provided this court with a copy of the motion she received, along

James C. Mahan
U.S. District Judge

- 8 -

with the envelope from defendants' counsel of record which contained the motion. (Doc. # 11-1). Plaintiff's assertion that defendants were required to serve her with a copy of the motion *before* filing it with the court is misplaced.

The court finds that defendants properly served plaintiff with a copy of the motion to dismiss and was therefore not an *ex parte* motion under LR 7-5(a).

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants SLH Vista, Inc. d/b/a Saint Louis University Hospital and Tenet Healthcare Corporation's motion to dismiss (doc. # 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants SLH Vista, Inc. d/b/a Saint Louis University Hospital and Tenet Healthcare Corporation's motion to transfer venue (doc. # 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants SLH Vista, Inc. d/b/a Saint Louis University Hospital and Tenet Healthcare Corporation will prepare an appropriate order transferring venue to the U.S. District Court for the Eastern District of Missouri, Eastern Division, and submit the same for signature.

DATED September 15, 2015.

_____
UNITED STATES DISTRICT JUDGE