UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY ANN STILLWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV1465 HEA |
| | ) | |
| SLH VISTA INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration, [Doc. No. 51]. Plaintiff opposes the Motion. For the reasons set forth below, the motion is granted.

### **Facts and Background**

Plaintiff was employed by St. Louis University Hospital beginning on June 8, 2009, as a Graduate Nurse. At the commencement of her employment, Plaintiff signed an Employee Acknowledgment which acknowledged that Plaintiff received a copy of the Tenet Employee Handbook and Standards of Conduct. Plaintiff also acknowledged that she received a copy of the Tenet Fair Treatment Process (FTP). Plaintiff voluntarily agreed to use the FTP and to submit to final and binding arbitration any and all claims and disputes except excluded issues that were related to her employment. The Employee Acknowledgment detailed that Plaintiff

understood that the final and binding arbitration was to be the sole and exclusive remedy of any claims or disputes against Tenet, its parent, subsidiary, or affiliated companies or entities and each of its and/or their employees, officers, directors, or agents.

Plaintiff further acknowledged that under the FTP, both Plaintiff and Tenet agreed to forego any right to a jury trial on any issues covered by the FTP.

## Discussion

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, "establishes a liberal federal policy favoring arbitration." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (quoting *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4). The Court must ask "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute falls within the scope of the arbitration agreement." *Id.*; *see also Torres*, 781 F.3d at 968.

"Because 'arbitration is a matter of contract,' whether an arbitration provision is valid is a matter of state contract law, and an arbitration provision may be 'invalidated by generally applicable contract defenses, such as fraud, duress, or

2

unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *Torres*, 781 F.3d at 968 (quoting *Concepcion*, 563 U.S. at 339) (internal quotations omitted). Under Missouri law, "arbitration agreements are tested through a lens of ordinary state-law principles that govern contracts, and consideration is given to whether the arbitration agreement is improper in light of generally applicable contract defenses ...such as fraud, duress, or unconscionability." *Robinson v. Title Lenders, Inc.,* 364 S.W.3d 505, 515 (Mo. 2012) (internal citation omitted). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Torres*, 781 F.3d at 968–69 (citing *Faber v. Menard,* 367 F.3d 1048, 1052 (8th Cir. 2004)). An arbitration agreement's scope is interpreted liberally, with any doubts resolved in favor of arbitration. *MedCam*, 414 F.3d at 975. A district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. (internal quotations omitted).

  Plaintiff argues the arbitration agreement is invalid and does not apply to her claims. Section 2 of the FAA allows arbitration agreements to be invalidated by generally applicable contract defenses. *Concepcion*, 563 U.S. at 339; *see also* 9 U.S.C. § 2. Plaintiff asserts that the arbitration agreement here is invalid because it

3

lacks the essential elements of a valid contract and that her claims are outside the scope of the FTP, that she signed the acknowledgment under duress and fraudulent inducement. She further claims that Defendants waived their rights to arbitrate. Lastly, Plaintiff claims that is an agreement entered into between Defendants and her labor union replaced the FTP.

"There is a strong national policy in favor of arbitration." *CD Partners, LLC v. Grizzle,* 424 F.3d 795, 800 (8th Cir. 2005). And "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "[b]roadly worded arbitration clauses...are generally construed to cover tort suits arising from the same set of operative facts covered by a contract between the parties to the agreement." *CD Partners*, 424 F.3d at 800 (arbitration clause covering any claim arising out of or relating to the operation of a franchised business was sufficient to include a fraudulent misrepresentation claim made by franchisee against principals of franchisor); s*ee also PRM Energy Systems, Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836-37 (8th Cir. 2010) (finding arbitration clause covering "all disputes arising under" the agreement was "generally broad" in scope and holding that arbitration may be compelled "as long as the underlying factual allegations simply touch matters covered by the arbitration provision"); *3M Co. v. Amtex Sec., Inc.,* 542 F.3d

1193, 1199 (8th Cir. 2008) (implying that clauses requiring arbitration of "any" or "all" disputes should be interpreted extensively").

Agreements to arbitrate disputes are enforceable and strongly favored under federal law. *Concepcion*, 563 U.S. at 339 (2011). If such an agreement is valid, a "court[ ] must rigorously enforce [it] according to [its] terms." *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013). Yet an arbitration agreement must still comply with the principles of contract law. *See* 9 U.S.C. § 2; *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). In Missouri, a contract must contain an "offer, acceptance, and bargained for consideration." *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988). An arbitration agreement is unenforceable if it lacks these required elements.

Plaintiff argues that because the Employee Handbook is subject to change, it does not constitute a valid offer. Plaintiff's reliance on this argument is misplaced. The FTP is a separate contract which contains all the requisites of a valid contract in Missouri-offer, acceptance and consideration. The FTP contains the provisions that it is *not subject to* change without notification to Plaintiff. There is no ability to unilaterally modify the FTP.

Plaintiff signed the Employee Acknowledgment wherein it is specifically detailed that all disputes are subject to arbitration. Through the acknowledgement and Plaintiff's employment with Defendants, she clearly accepted the offer.

5

Plaintiff accepted the offer from Defendants. Although Plaintiff claims that she was subject to duress and that she was fraudulently induced into signing the Employee Acknowledgment, her claims are without merit. The Acknowledgment itself clearly details the terms of the agreement to arbitrate. Even assuming that Plaintiff was told that the Acknowledgment was an acknowledgment of the Employee Handbook, the document itself specifically details the terms and agreements regarding arbitration. *Dorsch v. Family Medicine,* Inc., 159 S.W.3d424, 436 (Mo.App. 2005).

Likewise, Plaintiff has not established that she was indeed under duress in signing the Acknowledgment. As Defendants correctly argue, in order to establish duress, Plaintiff must have been "so oppressed from the wrongful conduct of another as to deprive [her] of free will." *Schmalz v. Hardy Salt Co.*, 739 S.W.2d 765, 768 (Mo.App 1987) Plaintiff was free not to sign the Acknowledgment, and her employer's requirement that she sign the document in order to secure employment does not rise to the level of duress. *Id.*

Plaintiff also contends there was no consideration given in exchange for her signing the Employee Acknowledgment. Contrary to Plaintiff's position, the FTP was an independent contract between the parties and the parties' mutual promise to arbitrate constitutes sufficient consideration if that promise was binding upon both sides. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 776 (Mo. banc 2014). A

6

promise is binding rather than illusory if neither "party retains the unilateral ability to avoid its contractual obligations." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 30 (Mo. Ct. App. 2008).

Plaintiff also argues that the Memorandum of Agreement that her nurses' union entered into with Defendants replaced the FTP. This position is completely contrary to the facts surrounding the separate circumstance of the Memorandum of Agreement. The parties to the Memorandum specifically detailed that it did *not* in any way affect the binding nature of the FTP.

Plaintiff fails to demonstrate that Defendants waived their arbitration rights. Nowhere in the record is it established that Defendants acted in contravention of the agreement to arbitrate, nor is there any indication that Plaintiff was prejudiced in any way through any actions taken with regard to this action such that arbitration has been waived. See *Berhorst v. J.L. Mason of Mo., Inc.*, 764 S.W.2d 659, 662 (Mo.App. 1988).

Plaintiff's claims that she was wrongfully discharged and that her rights have been violated fall squarely within the provisions of the arbitration agreement found in the FTP, which Plaintiff agreed to when she signed the Employee Acknowledgment. Plaintiff has presented no valid reasons to avoid the arbitration agreement, and she is therefore bound to pursue her claims in arbitration.

"[W]here all the claims against all parties are subject to arbitration, dismissal of the action is proper." *Iappini v. Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 943 (E.D. Mo. 2015) (citing *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991)). Therefore, the Court will grant Defendants' request to dismiss, rather than stay, the action.

## Conclusion

Plaintiff has failed to satisfy her burden of establishing that the arbitration agreement she voluntarily entered into is invalid. As such, Plaintiff is required to abide by the agreement and pursue her claims in arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel arbitration and dismiss [Doc. No. 51] is **GRANTED**, and Plaintiff must submit her claims to arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's **complaint is dismissed without prejudice**.

A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE